UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NAOMI E. FARVE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-5925** |
| **JOHN E. POTTER,** <br> **U.S. POSTMASTER-GENERAL** | **SECTION: "S" (5)** |

## ORDER AND REASONS

Defendant's Motion to Dismiss or Alternatively for Summary Judgment (Doc. #8) is **GRANTED** and the plaintiff's Motion for Declaratory Judgment (Doc. #9) is **DENIED.**

## BACKGROUND

On October 8, 2003, an administrative law judge ("ALJ") with the EEOC found that the United States Post Office failed to provide a reasonable accommodation for its employee Johnny Green in violation of the Americans with Disabilities Act and the Rehabilitation Act. Plaintiff acted as Green's attorney in those proceedings. On November 6, 2003, the ALJ awarded Green damages. On December 17, 2003, Green, as the prevailing party, filed with the ALJ a motion for attorney's fees of $12,687.50 at a rate of $250.00 per hour, and attached an affidavit from the plaintiff.[1]

On January 16, 2003, the EEO Compliance Manager for the Postal Service wrote Farve to

---

[1] The government raises the issue of whether plaintiff is the proper party to receive attorney's fees because at all pertinent times, plaintiff lacked an active admission to any state bar. Plaintiff contends that she is entitled to receive attorney's fees by virtue of being admitted and qualified as a member of "good standing" of the bar of the United States Supreme Court. Because the court lacks subject matter jurisdiction due to plaintiff's failure to exhaust administrative remedies, the court need not resolve this issue.

inform her that her petition for attorney's fees did not comply with the minimum standards required by agency regulations.  Specifically, Farve was informed that she failed to aver that she had ever charged or been awarded the requested $250 hourly rate by an administrative tribunal for employment litigation, and that she failed to submit affidavits from other attorneys indicating they had been awarded $250 per hour for administrative litigation or that $250 per hour was the prevailing rate in the area.  Farve was also informed that upon receipt of the additional information, the agency would respond to the petition.  Farve did not submit the requested information.  On January 16, 2004, the postal service issued its Notice of Final Action.  On January 30, 2004, Green filed a request for ruling on motion for attorney's fees, expenses and costs.

On July 16, 2004, the ALJ denied Green's motion, stating that he no longer had jurisdiction over the attorney's fee issue and that Green's recourse would have to be with the Office of Federal Operations ("OFO"). The ALJ noted that agency did not dispute its obligation to pay reasonable attorney's fees, but it disputed the amount requested and the sufficiency of the documentation supporting the request.  The ruling informed that Green had 30 calendar days from receipt of the Notice of Final Action to appeal to the OFO.  On August 16, 2004, Green filed a reply to the ruling, arguing that the ALJ retained jurisdiction over the issue of attorney's fees because the January 16, 2004, Notice of Final Action stated that Green's petition for attorney's fees had been referred to the Postal Service for processing.  On August 26, 2004, the agency responded that the attorney's fees petition was deficient and did not comply with EEOC's regulations.

In a letter to plaintiff, dated April 6, 2005, the agency again informed Farve that it did not challenge her entitlement to attorney's fees, but that her petition did not satisfy the agency regulations.

2

On May 20, 2005, plaintiff Farve initiated an appeal on behalf of her client to the OFO. On April 12, 2007, the OFO rendered its decision on Green's appeal, and noted that while the Rehabilitation Act authorizes an award of reasonable attorney's fees and costs to the prevailing party, Farve failed to "act with due diligence in pursuit of her claim." On June 26, 2007, the OFO denied Farve's request for reconsideration. On September 25, 2007, Farve initiated this lawsuit.

## ANALYSIS

### A. Legal Standard

Rule 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face.[2] "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[3] If, on a motion under rule 12(b)(6) ..., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law."[4] If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence

---

[2] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007) (*quoting Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)).

[3] *Id*. at 1965.

[4] *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. Proc. 56(c).

of a genuine issue for trial.[5]

A federal court is without authority to award attorney's fees against the United States absent specific authority. 28 U.S.C. §2412. Under 29 U.S.C. §794a(b), a "prevailing party" under the Rehabilitation Act may be awarded reasonable attorney's fees.

As a precondition to filing suit in federal court, a federal employee claiming discrimination must exhaust his administrative remedies.[6] The failure to do so results in the court being deprived of subject matter jurisdiction.[7]

Exhaustion of administrative remedies requires a good faith participation in the administrative process.[8]

> "The administrative complaint procedures must be complied with. If they are, and an adverse decision is rendered on the merits of a complaint, than a complainant is entitled to a *de novo* hearing in federal court. However, if the agency does not reach the merits of the complaint because the complainant fails to comply with the administrative procedures the Court should not reach the merits either. Otherwise, the complainant might be dilatory at the administrative level, knowing that he can get into federal court anyway."[9]

"The test for cooperation in the administrative process is a common sense, geared to the functional demands of dispute resolution. ... Good faith effort by the employee to cooperate with the agency

---

[5] *Celeotex Corp. v. Catrett*, 106 S.Ct. 2548, 2552 (1986).

[6] *Randel v. U.S. Dept. of Navy*, 157 F.3d 393, 394 (5th Cir. 1998).

[7] *Randel*, 157 F.3d at 394. In some circumstances, "abandonment of the administrative process may suffice to terminate an administrative proceeding before a final disposition is reached, thus preventing exhaustion and precluding judicial review. *Randel*, 157 F.3d at 396.

[8] *Munoz v. Aldridge*, 894 F.2d 1489, 1492 (5th Cir. 1990).

[9] *Johnson v. Bergland*, 614 F.2d 415, 417 (5th Cir. 1980)(quoting the district court which dismissed a claim due to plaintiff's failure to comply with agency's request for additional information). *See also Barnes v. Levitt*, 118 F.3d 404, 408 (5th Cir. 1997).

and the EEOC and to provide all relevant, available information is all that is required to demonstrate an exhaustion of administrative remedies."[10]

**B. Exhaustion of Administrative Remedies**

It is undisputed that in response to plaintiff's request for attorney's fees and costs at the administrative level, the EEO Compliance Manager informed plaintiff, by letter dated January 16, 2008, of the deficiencies of her request and specified what further information the agency required under its regulations.[11] It is also undisputed that plaintiff failed to provide the agency with required information. On January 16, 2004, the agency issued its Notice of Final Action. While plaintiff tried to resurface her request for attorney's fees thereafter by writing to the ALJ and appealing his denial to the OFO, plaintiff at no time provided to the agency the required information.

Taking the facts in the light most favorable to the plaintiff, there is no question of fact which precludes summary judgment. Plaintiff failed to cooperate with the administrative process.[12] As a result, plaintiff failed to exhaust administrative remedies, which is a precondition to filing suit in this court. The failure to exhaust administrative remedies deprives this court of subject matter jurisdiction, as a matter of law.[13]

---

[10]*Barnes*, 118 F.3d at 409 (citations omitted).

[11]Directive MD110, Chapter 11 of agency's regulations states:

A verified statement of fees and costs shall include the following:

> ...documentary evidence of reasonableness of rate, such as an affidavit stating that the requested rate is the attorney's normal billing rate, a detailed affidavit of another attorney in the community familiar with prevailing community rates for attorneys of comparable experience and expertise, a resume, a list of cases handled, or a list of comparable cases where a similar rate was accepted.

[12]*See Barnes*, 118 F.3d at 409 (citations omitted).

[13]*See Randel*, 157 F.3d at 394.

5

The motion for summary judgment is **GRANTED** and the motion for declaratory relief is **DENIED**.

New Orleans, Louisiana, this  27th  day of August, 2008.

                                            **MARY ANN VIAL LEMMON**
                                        **UNITED STATES DISTRICT JUDGE**